IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | | |
|---|---|---|
| TORREVIO S. DUNCAN, | : | |
| Petitioner | : | |
| | : | |
| VS. | : | 1 : 07-CV-218 (WLS) |
| RANDY TILLMAN, Warden, | : | |
| | : | |
| Respondent. | : | |

## RECOMMENDATION

The petitioner filed this federal habeas petition on December 17, 2007, challenging his 2004 Mitchell County guilty plea conviction for aggravated assault. The respondent has filed a Motion to Dismiss this petition based on the continued pendency of petitioner's state habeas corpus petition.

The petitioner filed a state habeas petition in the Superior Court of Tattnall County on January 10, 2005. He filed amendments to this petition in February and March 2005, and the state court held a hearing on the petition on March 23, 2005. The habeas court issued a final order denying relief on December 19, 2007. Although the petitioner maintains that the habeas court's delay in ruling on his state habeas petition and providing him with notice of its final decision should excuse the lack of exhaustion herein, the respondent argues that the petitioner still has the available state court remedy of filing a motion to re-enter judgment with the habeas court to re-start the deadline to file an application for certificate of probable cause to appeal the denial of state habeas relief because of excusable neglect.

"It has been settled since Ex parte Royall, 117 U.S. 241 (1886), that a state prisoner must

normally exhaust available state judicial remedies before a federal court will entertain his petition for habeas corpus." Picard v. Connor, 404 U.S. 270, 275 (1971).  The petitioner's claims will be considered exhausted only after "the state courts [have been afforded] a meaningful opportunity to consider allegations of legal error without interference from the federal judiciary." Vasquez v. Hillery, 474 U.S. 254, 257 (1986).

In order to satisfy this exhaustion requirement,  "[i]t is not enough that all the facts necessary to support the federal claim were before the state courts, or that a somewhat similar state-law claim was made." Anderson v. Harless, 459 U.S. 4, 6 (1982).  Rather, the petitioner must present the state court with both the facts and the legal theories upon which he relies. Galtieri v. Wainwright, 582 F.2d 348, 353 (5th Cir. 1978).   Inasmuch as the petitioner has not yet completed the appeals process for state habeas review, the petitioner has not exhausted the grounds for relief raised herein, nor has he shown, in the alternative, that, regarding said grounds, there is either an absence of available State corrective process or the existence of circumstances rendering such process ineffective to protect the rights of the prisoner. 28 U.S.C. § 2254(b).  The court notes that "[a]n applicant shall not be deemed to have exhausted the remedies available in the courts of the State, . . . if he has the right under the law of the State to raise, by any available procedure, the question presented."  28 U.S.C. § 2254(c).

Inasmuch as the petitioner has not yet completed available state court remedies regarding the grounds for relief raised in this federal habeas petition, it is the recommendation of the undersigned that the respondent's motion to dismiss be **GRANTED** and that this federal habeas corpus petition be **DISMISSED** without prejudice to the petitioner's right to refile once he has exhausted the remedies available to him in the state court system.  Pursuant to 28 U.S.C. § 636(b)(1), the parties may file written objections to this recommendation with the Honorable W.

Louis Sands, United States District Judge, WITHIN TEN (10) DAYS of receipt thereof.

**SO RECOMMENDED**, this 12th day of January, 2009.

   /s/ ***Richard L. Hodge***
RICHARD L. HODGE
UNITED STATES MAGISTRATE JUDGE

asb